FILED - GR
January 27, 2010 3:35 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ald___/_____

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **Sondra Brown,** | ) |
| Plaintiff, | ) )  ) |
| v. | ) Hon.  ) ) |
| **Hirshberg Acceptance Corp.,** a Michigan corporation, | ) ) ) |
| Defendant. | ) ) ) |

1:10-cv-81
Robert J. Jonker
U.S. District Judge

**Complaint**

**I.   Introduction**

1.   This is an action for damages, brought against a debt collector in response to the debt collector's practices which violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.*

**II.   Jurisdiction**

2.   This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367.  Venue in this judicial district is proper because the pertinent events took place here.

**III.   Parties**

3.   Plaintiff Sondra Brown is a natural person residing in Allegan County, Michigan. Ms. Brown is a "consumer" and "person" as the terms are defined and/or used in the FDCPA.

1

Ms. Brown is a "consumer," "debtor" and "person" as the terms are defined and/or used in the MOC.

4.  Defendant Hirshberg Acceptance Corp. ("HAC") is a Michigan corporation doing business at 29905 West Six Mile Road, Suite B, Livonia, Michigan 48152. The registered agent for HAC is Glen H. Hirshberg, 29905 West Six Mile Road, Livonia, Michigan 48152. HAC uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. HAC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. HAC is a "debt collector" as the term is defined and used in the FDCPA. HAC is licensed (No. 2401001049) by the State of Michigan to collect consumer debts in Michigan. HAC is a "collection agency" and a "licensee" as the terms are defined and used in the MOC.

IV. **Facts**

5.  Ms. Brown had a credit account with Washington Mutual Bank which she used to obtain goods and/or services for personal, family or household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and/or used in the FDCPA and MOC.

6.  The original creditor or a successor in interest claimed that the debt was not paid and supposedly sold the allegedly delinquent debt.

7.  HAC is in the business of purchasing delinquent consumer debt, typically paying less than five cents on the dollar, and then attempting to collect the debt, sometimes filing collection lawsuits in various Michigan courts.

8.  HAC claimed to have purchased the debt after the account allegedly became

delinquent.

9. Ms. Brown disputes the debt.

10. Ms. Brown refuses to pay the debt.

11. Hirshberg filed suit against Ms. Brown in 7 West District Court in Van Buren County, Michigan, Case No. 08-1846-GC, claiming that Hirshberg had purchased the debt and that Ms. Brown owed Hirshberg $4,373.65.

12. The complaint filed by Hirshberg in the state court lawsuit falsely stated that Ms. Brown resided at 6779 103rd Avenue, Suite 101, South Haven, Michigan 49090.

13. At no time between the filing of the state court lawsuit and the present did Ms. Brown reside at 6779 103rd Avenue, Suite 101, South Haven, Michigan 49090.

14. At no time between the filing of the state court lawsuit and the present did Ms. Brown reside in Van Buren County, Michigan.

15. When HAC filed the state court lawsuit in Van Buren County, Michigan, Ms. Brown was residing in Allegan County, Michigan.

16. Apparently, HAC hired a Detroit area process served named Michael Grant to serve the state court lawsuit on Ms. Brown. In January 2009, HAC filed a Affidavit of Process Server, wherein the HAC process served claimed to have served Ms. Brown with summons and complaint at 6779 103rd Avenue, # 101, South Haven, Michigan 49090.

17. The Affidavit of Process Server filed by HAC was false. Ms. Brown was never personally served with a summons and complaint in the state court lawsuit filed by HAC.

18. In January 2009, HAC filed in the state court lawsuit a Request and Affidavit for entry of default against Ms. Brown.

19. In January 2009, the clerk of the court entered a default against Ms. Brown.

20. On January 27, 2009, the court entered a default judgment against Ms. Brown.

21. On January 28, 2009, the court purportedly mailed a copy of the default entry and judgment to Ms. Brown at 6779 103rd Avenue, Suite 101, South Haven, Michigan 49090, an address provided by HAC, an address at which Ms. Brown did not reside, and an address at which HAC had falsely claimed Ms. Brown had been served with summons and complaint.

22. The FDCPA states that a debt collector may file a collection suit against a consumer, only in the judicial district in which the consumer signed the contract sued upon, or in which the consumer resides at the commencement of the action. 15 U.S.C. § 1692i.

23. HAC sued Ms. Brown in Van Buren County, Michigan.

24. The contract upon which HAC sued Ms. Brown was not signed in Van Buren County, Michigan.

25. Ms. Brown did not reside in Van Buren County, Michigan, when HAC filed the state court lawsuit against her.

26. When HAC filed the state court lawsuit against Ms. Brown, HAC did not have a legitimate reason to believe that Ms. Brown was then residing at 6779 103rd Avenue, Suite 101, South Haven, Michigan 49090.

27. When HAC filed the state court lawsuit against Ms. Brown, HAC did not have a legitimate reason to believe that Ms. Brown was then residing in Van Buren County, Michigan.

28. When HAC filed the state court lawsuit against Ms. Brown, a simple search of Ms. Brown's name and social security number, using any number of commercially available search engines, such as www.accurint.com, would readily have disclosed that Ms. Brown was

then residing in Allegan County, Michigan.

29. HAC failed to maintain procedures, reasonably adapted to avoid filing suit against Ms. Brown in the wrong judicial district.

30. HAC failed to follow procedures, reasonably adapted to avoid filing suit against Ms. Brown in the wrong judicial district.

31. When HAC filed the state court lawsuit against Ms. Brown, HAC had no legitimate reason to believe that the contract upon which HAC based its claim was signed by Ms. Brown in Van Buren County, Michigan.

32. HAC obtained a default judgment against Ms. Brown, without having obtained personal jurisdiction over Ms. Brown, and based upon misrepresentations to the court regarding Ms. Brown's place of residence.

33. HAC obtained a default judgment against Ms. Brown, without having obtained personal jurisdiction over Ms. Brown, and based upon an affidavit which falsely stated that Ms. Brown had personally been served with summons and complaint.

34. HAC obtained a default judgment against Ms. Brown, even though HAC knew or should have known that it had filed suit against Ms. Brown in the wrong judicial district.

35. After the fact, Ms. Brown learned that HAC had obtained a default judgment against her.

36. In January 2010, Ms. Brown filed in the state court lawsuit a motion and affidavit, seeking to have the default and default judgment set aside.

37. Despite the foregoing, HAC has failed and refused to agree and allow the default and default judgment to be set aside.

38. The unlawful debt collection methods, acts and practices of HAC, its employees and its agents, were willful.

39. HAC, its employees and its agents willfully violated the FDCPA and MOC.

40. As an actual and proximate result of defendant's acts and omissions, plaintiff has suffered actual damages and injury, including but not limited to, financial loss, fear, stress, mental anguish, emotional stress, embarrassment, and suffering for which she should be compensated in an amount to be established by jury and at trial.

## V.   Claims for Relief

### Count 1– Fair Debt Collection Practices Act

41. Plaintiff incorporates the foregoing paragraphs by reference.

42. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

   a) Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and abuse plaintiff in connection with the collection of a debt;

   b) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt;

   c) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and

   d) Defendant violated 15 U.S.C. § 1692i by filing and continuing to maintain a collection lawsuit in the wrong judicial district.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that defendants' practices violate the FDCPA; and

e) Such further relief as the court deems just and proper.

### Count 2 – Michigan Occupational Code

43. Plaintiff incorporates the foregoing paragraphs by reference.

44. Defendant has violated the MOC. Defendant's violations include, but are not necessarily limited to, the following:

a) Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b) Defendant violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened and (ii) the legal rights of a creditor or debtor; and

c) Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) A declaration that defendant does not maintain reasonable procedures to prevent the filing of lawsuit in the wrong judicial district, pursuant to M.C.L. § 339.916(1);

b) Actual damages pursuant to M.C.L. § 339.916(2);

c) Treble the actual damages pursuant to M.C.L. § 339.916(2);

d) Statutory damages pursuant to M.C.L. § 339.916(2); and

e) Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

### Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: January 26, 2010

*/s/ Phillip C. Rogers*
Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com